SHARTSIS FRIESE LLP
JOSEPH V. MAUCH (Bar #253693)
jmauch@sflaw.com
JUSTIN T. HENDERSON (Bar #341438)
jhenderson@sflaw.com
425 Market Street, Eleventh Floor
San Francisco, CA 94105-2496
Telephone:    (415) 421-6500
Facsimile:    (415) 421-2922

Attorneys for Defendant ERTC FUNDING, LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNERSTONE FIRST MORTGAGE, LLC, a Delaware limited liability company, formerly known as Cornerstone First Mortgage, Inc.,<br><br>                Plaintiff,<br><br>   v.<br><br>ERTC FUNDING, LLC, a New Jersey limited liability company; AMERICAN ARBITRATION ASSOCIATION, INC., a New York corporation; and DOES 1-50, inclusive,<br><br>                Defendants. | Case No. 25CV1422 LL MMP<br><br>**ERTC FUNDING LLC'S COUNTERCLAIM FOR BREACH OF CONTRACT** |

Defendant ERTC Funding, LLC, by way of Counterclaim, alleges and asserts as follows:

## INTRODUCTION

1. This case is about a breach of a service contract. ERTC Funding, LLC ("ERTC" or "Defendant") and Cornerstone First Mortgage, Inc. ("CFM" or "Plaintiff") entered into a Consulting Services Agreement ("Agreement") under which ERTC would provide certain consulting services to CFM to facilitate CFM's Employee Retention Credit ("Tax Credit") refund claim from the Internal Revenue Service ("IRS"). After ERTC provided the required consulting services, CFM refused to remit payment, ultimately claiming that the Agreement that it signed is a forgery. In short, CFM received the services and benefits that it agreed to pay for but refuses to remit payment.

## THE PARTIES

2. Defendant ERTC Funding LLC is a limited liability company duly formed and currently existing under the laws of the State of New Jersey. At all times relevant herein, ERTC's primary place of business was at 1815 Lakewood Road Toms River, New Jersey 08755.

3. Plaintiff Cornerstone First Mortgage, Inc. ("CFM") is, on information and belief, a corporation formed under the laws of the State of Delaware. On information and belief, at all times relevant herein, Plaintiff's primary place of business was at 2655 Camino Del Rio N. Suite 100 San Diego, CA 92108.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1332(a) because this action involves a controversy between citizens of different states and the amount in controversy exceeds $75,000.

5. By filing its Complaint for Declaratory Relief before this Court, Plaintiff has consented to venue here.

6. Moreover, this venue is proper because Plaintiff's primary place of business is in San Diego County, California.

- 1 -
Case No.
25CV1422 LL MMP

ERTC FUNDING LLC'S COUNTERCLAIM
FOR BREACH OF CONTRACT

## FACTS

### ERTC And CFM Entered Into The Agreement

7. On February 15, 2022, ERTC and CFM entered into the Agreement under which ERTC would provide certain consulting services to CFM to facilitate CFM's Employee Retention ERC refund claim from the Internal Revenue Service IRS. Sean Cahan, CFM's principal officer, signed the Agreement on behalf of CFM. A true and correct copy of the Agreement is attached hereto as Exhibit A.

8. The Agreement explicitly grants ERTC a 20% Contingency Fee upon CFM's receipt or realization of Tax Credit funds from the IRS.

### ERTC Provided The Required Services

9. In consideration for payment, and pursuant to Paragraph 1 of the Agreement, ERTC provided services to CFM related to its application for the Tax Credit (the "Services"). The Services included, among other things, determining and document CFM's eligibility to claim Tax Credits for all employees; determining and documenting for which calendar quarters, if any, CFM is eligible for the Tax Credits based on a decline in gross receipts from the relevant comparison period; applying safe harbor provisions to maximize available credits and reduce the risk of an adverse determination with respect to eligible calendar quarters; and computing the qualifying wages paid to each employee and during each calendar quarter for which eligibility has been determined and documented.

10. Among other actions, Mr. Cahan executed an Affidavit on behalf of CFM, dated August 2, 2022, in furtherance of ERTC providing the Services to CFM and in order for CFM to receive the Tax Credit.

11. ERTC exchanged approximately 200 emails with Mr. Cahan and CFM, dozens of which related specifically to providing the Services to CFM in order for CFM to receive the Tax Credit.

12. Throughout this correspondence, at no time did Mr. Cahan ever dispute the authenticity of the Agreement.

13. Mr. Cahan also contractually engaged ERTC to provide identical Services for

1   entities other than CFM that Mr. Cahan owns and controls, on identical terms and conditions to
2   those specified in the Agreement. Mr. Cahan has not contested the authenticity of those
3   agreements.

### CFM's Failure To Verify Tax Credit Status

5   14.   Pursuant to Paragraph 2.f. of the Agreement, ERTC has the "irrevocable right to
6   verify at any time whether a Contingency Fee has become due." CFM expressly agreed to provide
7   specified evidence as to its Tax Credit status within two (2) business days of a request for same by
8   ERTC. CFM further agreed to "take any action reasonably required by [ERTC] to evidence or
9   verify whether [CFM] has realized or received [a Tax Credit] benefit."

10   15.   As early as July 2023, ERTC requested such evidence or verification, as required
11   by the Agreement, in writing to Mr. Cahan: "Pursuant to the above, ERTC Funding hereby requests
12   that you provide a transcript, screenshot, or photograph from Cornerstone Mortgage's IRS account
13   reflecting the status of its ERTC application no later than Tuesday, August 1, 2023."

14   16.   Mr. Cahan responded on behalf of CFM indicating that he was unable to comply
15   with Paragraph 2.f. of the Agreement since CFM's Professional Employer Organization (to whom
16   the ERC funds were to be directed by the IRS) had not provided him with any information. He
17   also represented that the funds had not been received and that no timeline was available. He did
18   not directly address CFM's contractual obligation to provide such evidence or verification but
19   promised to provide an update when available. No such update was ever provided.

### CFM Secured Tax Credit Funding

21   17.   Due to CFM's failure to provide the required evidence or verification of receipt of
22   the Tax Credit, described above, ERTC is unable to verify the exact date and amount of funding.

23   18.   Upon information and belief, in 2023 or 2024, CFM received Tax Credit funding
24   in the principal amount of $3,178,662.50, plus statutory interest paid by the IRS.

### CFM Refused To Pay

26   19.   On or about October 10, 2024, ERTC sent CFM an invoice in the amount of
27   $699,305.75, which amount was 20% of the principal Tax Credit benefit plus an estimated 10%
28   of IRS interest realized by CFM.

20. Over the ensuing months, ERTC continued to follow up with Plaintiff by phone and email to confirm the status of its Tax Credit funding and the Contingency Fee.

21. On or about February 7, 2025, ERTC's counsel sent CFM a letter demanding payment of the Contingency Fee. In the ensuing correspondence, counsel for Plaintiff claimed, for the first time, that Mr. Cahan's signature on the Agreement was forged.

22. CFM has refused to pay any amount to ERTC.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### (Breach of Written Contract)

23. ERTC realleges and incorporates by reference Paragraphs 1-22 as if fully set forth herein.

24. Plaintiff and ERTC entered into the Agreement, which obligated Plaintiff to pay a Contingency Fee in exchange for ERTC performing consulting services. The Agreement is valid and enforceable.

25. ERTC in good faith fully performed all its obligations under the terms of the Agreement, except any that have been prevented or excused.

26. Plaintiff has breached the clear terms of the Agreement by failing to verify its Tax Credit status and failing to pay the agreed-upon Contingency Fee.

27. As a direct and proximate result of Plaintiff's breach, ERTC has been damaged in the amount of $632,732.50, plus any interest paid by the IRS, as set forth in the Agreement, plus interest on that amount at the rate of 1.5% per month beginning fourteen (14) days after the date on which CFM received its Tax Credit benefit in at least the amount of the Contingency Fee as also set forth in the Agreement.

## SECOND CAUSE OF ACTION

### (Breach of Implied Contract)

28. If Plaintiff is found not to have signed the Agreement, ERTC alleges the following in the alternative.

29. ERTC re-alleges and incorporates Paragraphs 1-27 above as if fully set forth herein.

- 4 -

Case No. 25CV1422 LL MMP — ERTC FUNDING LLC'S COUNTERCLAIM FOR BREACH OF CONTRACT

30. Even if the Agreement was not executed, the conduct and relationship of ERTC and Plaintiff demonstrates that ERTC agreed to provide the Services set forth in Agreement and Plaintiff agreed to pay ERTC the Contingency Fee set forth in the Agreement. The conduct of both parties was intentional and each knew, or had reason to know, that the other party would interpret the conduct as an agreement to enter into a contract.

31. ERTC in good faith fully performed all its obligations under the terms of the implied agreement, except any that have been prevented or excused.

32. Plaintiff has breached the clear terms of the implied agreement by failing to pay the agreed-upon Contingency Fee.

33. As a direct and proximate result of Plaintiff's breach, ERTC has been damaged in the amount of $632,732.50, plus any interest paid by the IRS, as set forth in the Agreement, plus interest on that amount at the rate of 1.5% per month beginning fourteen (14) days after the date on which CFM received its Tax Credit benefit in at least the amount of the Contingency Fee, as also set forth in the Agreement.

### THIRD CAUSE OF ACTION
### (Unjust Enrichment)

34. If Plaintiff is found not to have signed the Agreement and/or if the foregoing Causes of Action are denied, ERTC alleges the following in the alternative.

35. ERTC re-alleges and incorporates Paragraphs 1-33 above as if fully set forth herein.

36. CFM knowingly accepted and received services from ERTC and has not paid ERTC for those services.

37. CFM would be unjustly enriched if allowed to retain those benefits without paying for them.

### FOURTH CAUSE OF ACTION
### (Quantum Meruit)

38. If Plaintiff is found not to have signed the Agreement and/or if the foregoing Causes of Action are denied, ERTC alleges the following in the alternative.

39. ERTC re-alleges and incorporates Paragraphs 1-37 above as if fully set forth herein.

- 5 -

Case No. 25CV1422 LL MMP — ERTC FUNDING LLC'S COUNTERCLAIM FOR BREACH OF CONTRACT

40. ERTC performed consulting services for Plaintiff pursuant to the Consulting Services Agreement.

41. Per the Consulting Services Agreement, the fair value of the consulting services was at least $632,732.50.

42. CFM has not paid ERTC any sum for those services.

43. ERTC is entitled to recover the value of the services rendered to CFM under the doctrine of quantum meruit.

## PRAYER FOR RELIEF

**WHEREFORE**, ERTC prays for judgment as follows:

1. For damages in the amount of $632,732.50, plus any interest paid by the IRS, as set forth in the Agreement, plus interest on that amount at the rate of 1.5% per month beginning fourteen (14) days after the date on which CFM received its Tax Credit benefit in at least the amount of the Contingency Fee, as also set forth in the Agreement;

2. Reimbursement of attorneys' fees and costs incurred in pursuing this claim, including interest thereon, in accordance with Paragraph 2.d. of the Agreement;

3. For costs and expenses incurred in collection of the payment owed by CFM and the enforcement of any judgment, including but not limited to any court fees and costs, any arbitration fees and costs, any fees and costs associated with any mediation, including interest thereon, in accordance with Paragraph 2.d. of the Agreement;

4. For pre-judgment and post-judgment interest at the maximum rate allowed by law; and; and

5. For such other and further relief in law and equity as the Court may deem proper.

Dated: November 3, 2025              SHARTSIS FRIESE LLP

By:     *s/ Joseph V. Mauch*
                JOSEPH V. MAUCH

Attorneys for Defendant ERTC FUNDING, LLC

10743622